UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRUS L. TINNON, SR.,

       Plaintiff,

v.

                                            Case No. 16-cv-12279

                                            HON. MARK A. GOLDSMITH

UNITED STATES OF AMERICA, et al.,

       Defendants.

_____/

**ORDER DISMISSING COMPLAINT**

On June 21, 2016, Plaintiff filed a pro se complaint (Dkt. 1), along with an application to proceed without prepayment of fees or costs (Dkt. 2). After reviewing the application, the Court found that Plaintiff's submissions were insufficient for the Court to determine whether Plaintiff should be allowed to proceed without prepaying fees or costs and ordered Plaintiff submit a fully completed application on or before June 29, 2016. See 6/22/2016 Order (Dkt. 4). Instead of submitting a completed application, Plaintiff paid the filing fee.

While courts are required to construe a pro se litigant's pleadings liberally and apply "less stringent standards than formal pleadings drafted by lawyers" in determining whether the litigant has stated a claim for relief, Estelle v. Gamble, 429 U.S. 97, 106 (1976), such "lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). Pursuant to 28 U.S.C. § 1915, the Court must dismiss a case that is "frivolous" or "fails to state a claim on which relief may be granted . . . [n]otwithstanding any filing fee . . . that may have been paid." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii)  A lack of subject matter jurisdiction can and should be raised by a court sua sponte.  See Kontrick v. Ryan, 540

1

U.S. 443, 455 (2004); Klepsky v. United Parcel Serv., Inc., 489 F.3d 264, 268 (6th Cir. 2007); Fed. R. Civ. P. 12(h)(3).

As best as the Court can decipher from the complaint, Plaintiff claims that he is an indigenous "moor," Compl. at 2 (cm/ecf page), and his employer, the United States Postal Service, among others, allegedly discriminated against him based on his national origin in violation of Title VII of the Civil Rights Act of 1964. Id. at 4-5, 46 (cm/ecf pages). Plaintiff's complaint must be dismissed because it does not allege a plausible claim of national origin discrimination.

Under 42 U.S.C. § 2000e-2(a)(1), it is unlawful for an employer to discriminate against an employee based upon his "national origin." However, "[f]ederal courts have consistently held that national origin protection does not apply to native-born individuals . . . who claim to be affiliated with a tribal government purportedly existing independently of any federally recognized Indian Tribe." Tum-Re v. Keel, No. 3:15-cv-2708, 2016 WL 2990944, at *1 (N.D. Ohio May 24, 2016). This includes a plaintiff's "self-proclaimed membership and affiliation with non-nationally recognized tribal groups," like the Moor. Id. at *2; see also Bey v. Oakton Cmty. Coll., Nos. 14 C 06655, 14 C 07171, 2015 WL 5732031, at *5 (N.D. Ill. Sept. 30, 2015) ("Without a nonnative country of origin or any characteristic physical, cultural, or linguistic distinctions, the self-professed U.S. nationals of the 'Aboriginal-Indigenous Native American/Moor' persuasion do not credibly alleged a protected 'national origin.'").[1] Because

---

[1] See also Allah El v. Avesta Homes, LLC, 520 F. App'x 806, 809 (11th Cir. 2013) (allegations of status as "sovereigns, Moorish nationals, and indigenous/aboriginal beings of Washitaw Indian descent" inadequate to establish diverse citizenship); Sanders-Bey v. United States, 267 F. App'x 464, 466 (7th Cir. 2008) ("The Washitaw Nation, however, is not recognized by the United States government."); Bybee v. City of Paducah, 46 F. App'x 735, 736 (6th Cir. 2002) (characterizing the Nation of Washitaw as "fictional"); United States v. Gunwall, 156 F.3d 1245 (10th Cir. 1998) (table) (claim that defendant was "a member of a

Plaintiff claims to be of indigenous Moorish persuasion, and he has provided no basis to conclude that his national origin is not the United States, the Court concludes that Plaintiff has failed to allege a plausible claim of national origin discrimination.  See Bey, 2015 WL 5732031, at *5 n.9 ("[T]hose who claim to be "Aboriginal Indigenous Native American Moors" of any stripe fail to allege a national origin that may serve as the predicate for a Title VII claim.").

Accordingly, the Court dismisses Plaintiff's complaint with prejudice.

SO ORDERED.

Dated: July 5, 2016  
     Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 5, 2016.

s/Karri Sandusky  
Case Manager

---

sovereignty known as 'Washitaw de Dugdahmoundyah,' over which the government has no jurisdiction" was frivolous).

3